UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 23-cr-202-01 (BAH) |
| v. : | |
| : | |
| KENNETH ADEMOLA OLUGBENGA, : | |
| : | |
| Defendant. : | |

**FILED**
AUG 15 2024
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I. Summary of the Plea Agreement

Kenneth Ademola Olugbenga (hereafter, "the Defendant") agrees to admit guilt and enter a plea of guilty to the Superseding Information, charging him with Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine, a Mixture and Substance Containing a Detectable Amount of Cocaine Base, also known as "Crack," and a Mixture and Substance Containing a Detectable Amount of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), (b)(1)(C), (b)(1)(D) and 846 (Count One) and Possessing a Firearm During a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two).

II. Elements of the Offense

The essential elements of Count One of the Superseding Information, Conspiracy to Possess 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine and Mixtures and Substances containing Detectable Amounts of Cocaine Base and Marijuana with the Intent to Distribute, each of which the Government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) An agreement existed between two or more persons to commit the crimes of distribution and possession with the intent to distribute a controlled substance, that is,

Cocaine, Cocaine Base, and Marijuana;

(2) The Defendant intentionally joined in that illegal agreement; and

(3) The amount of mixture and substance containing a detectable amount of Cocaine, which includes the reasonably foreseeable conduct of all the members of the conspiracy known to the defendant, was 500 grams or more.

Count Two of the Superseding Information charges that, on February 20, 2023, the Defendant possessed a firearm in furtherance of a drug trafficking crime. The essential elements of this offense are:

(1)   That the Defendant committed a drug trafficking crime—here, Conspiracy to Distribute and Possess a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(C), 841(b)(1)(D), and 846;

(2)   That the defendant knowingly possessed a firearm; and

(3)   That the possession of the firearm was during and in relation to, or in furtherance of, the defendant's drug trafficking crime.

III.   **Penalties for the Offense**

The penalties for Conspiracy to Possess with the Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B)(ii), are as follows:

(1)   A term of imprisonment of no less than five years and no greater than 40 years,

(2)   A fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $5,000,000,

(3)   A term of supervised release of at least four years in addition to such term of imprisonment,

(4)   An obligation to pay any applicable interest or penalties on fines and restitution not timely made, and

2

(5)   A special assessment of $100.

The penalties for Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), is:

(A)   a term of imprisonment of not less than 5 years and not more than life to be served consecutively to any other term of imprisonment imposed;

(B)   a fine not to exceed $250,000;

(C)   a term of supervised release of not more than 5 years; and

(D)   a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

IV.   Brief Statement of the Facts

Had this case gone to trial, the Government's evidence would prove the following beyond a reasonable doubt:

1. The Defendant is a member of the Kennedy Street Crew, also known as "KDY," a group of individuals who operate as a street crew in and around the 100-1200 blocks of Kennedy Street in Northwest, Washington, D.C., as well as the surrounding streets. The Kennedy Street Neighborhood contains commercial businesses, public recreation centers, private residences, daycare facilities, and schools, all of which were surrounded by prolific open-air drug trafficking markets operated by KDY members, including the Defendant.

2. One of the narcotics sold in the open-air drug markets controlled by KDY was marijuana. As part of KDY's conspiracy to traffic narcotics in the Kennedy Street Neighborhood, members of the crew, including the Defendant, regularly flew to the Western United States, including Los Angeles, California, to procure bulk quantities of

marijuana. The crew members would then smuggle the marijuana back to the District of Columbia via the Washington, D.C. Metropolitan Area's international airports, and then resell the marijuana at significant profit in the Kennedy Street Neighborhood.

3. In traveling to Southern California and other locations to make bulk purchases of marijuana to be smuggled back to the District of Columbia, the Defendant and other members of the KDY Crew pooled their money together to purchase bulk quantities of marijuana at wholesale prices.

4. The Defendant's role in this drug trafficking conspiracy was to serve as an organizer or leader in the drug trafficking conspiracy. The Defendant agrees that the Kennedy Street Crew's drug trafficking operation involved five or more participants and was otherwise extensive.

5. Amongst the flights that the Defendant took over the course of the conspiracy is a flight from San Francisco International Airport (SFO) to Washington Dulles International Airport on April 15, 2020. A bag checked under the Defendant's name was flagged as suspicious. After submission for secondary screening, the bag was searched by Transportation Security Administration, and was found to contain approximately 26 pounds of marijuana in vacuum-sealed bags. The Defendant ultimately pleaded guilty in January 2021 to a single-felony charge of unlawful transportation for sale of marijuana in San Mateo, California.

6. Over the course of the conspiracy, the Defendant made or otherwise facilitated for other members of the conspiracy approximately 15 controlled sales of crack cocaine and marijuana to undercover law enforcement officers and/or confidential informants working at the direction of law enforcement.

7. During the course of the Defendant's participation in the Kennedy Street Crew's drug trafficking conspiracy, the Defendant established two businesses in partnership with a co-defendant of his in Criminal Case No. 23-cr-202. The first, Heavy Baggz LLC, was co-founded as a limited liability company by the Defendant and his co-defendant on June 4, 2020. The second, HBG LLC, was co-founded as a limited liability company by the Defendant and his co-defendant on July 28, 2020. A purpose of both companies was to project an illusion of legitimacy for the income the Defendant and his co-defendant derived from their participation in the drug trafficking activities of the Kennedy Street Crew.

8. After the Defendant and his co-defendant established Heavy Baggz LLC and HBG LLC, the Defendant applied for and received a forgivable loan from the Small Business Administration during the COVID-19 Pandemic. The Defendant received an Economic Injury Disaster Loan (EIDL). Over the course of the conspiracy, the Defendant received the funds from the EIDL loan. The Defendant comingled the SBA funds with funds pooled together in conjunction with his co-conspirators to purchase bulk narcotics in furtherance of KDY's drug trafficking operation.

9. Over the course of the Defendant's participation in the conspiracy, the defendant received income required to be reported to the Internal Revenue Service and engaged in transactions that triggered reporting requirements to the IRS. The Defendant acknowledges that the amount of the reportable income and reportable transactions is, in total, approximately $602,088.40.

10. Over the course of the Defendant's participation in the Kennedy Street Crew's drug trafficking operation, the amount of marijuana possessed with the intent to distribute

that was reasonably foreseeable to the Defendant is no greater than 99 kilograms; the amount of crack cocaine possessed with the intent to distribute that was reasonably foreseeable to the Defendant is no greater than 200 grams; and the amount of cocaine possessed with the intent to distribute that was reasonably foreseeable to the Defendant is no greater than 900 grams.

11. In total, the converted drug weight for the narcotics trafficked by the Kennedy Street Crew's drug trafficking operation, which includes the reasonably foreseeable conduct of all the members of the conspiracy known to the Defendant, was at least 700 kilograms, but no greater than 1,000 kilograms.

12. On the date of his arrest, June 27, 2023, two residences associated with the Defendant were searched. In his residence located in the 800 block of Jefferson Street NW, in the Kennedy Street neighborhood, law enforcement officers recovered various mail matter and other financial documentation bearing the Defendant's name and personal identifying information, approximately 4.7 kilograms of marijuana, approximately 28.7 grams of crack cocaine, and approximately 900 grams of cocaine.

13. Earlier in the conspiracy, on February 20, 2023, law enforcement officers encountered the Defendant driving a Ford Econoline van in the 500 block of Emerson Street NW. After law enforcement officers attempted to stop the Econoline on two separate occasions, the Defendant ultimately abandoned the vehicle near the intersection of 7th and Longfellow Streets NW, in the Kennedy Street neighborhood.

14. The vehicle was impounded in a secured law enforcement lot and subsequently searched pursuant to a search warrant. Officers discovered a U.S. passport belonging to the Defendant; the Defendant's driver's license; a brochure for HBG LLC;

distribution-level quantities of crack cocaine, powder cocaine, and marijuana; and a loaded and chambered Glock 29 10mm handgun, bearing serial number BWEN433. The firearm was subsequently swabbed for DNA. The Defendant's DNA profile was included in the DNA profiles obtained from the firearm.

15. The marijuana and crack cocaine recovered in the Defendant's vehicle on February 20, 2023, was for distribution as opposed to personal use. The Defendant's possession of the Glock 29 10mm handgun recovered from the Econoline was in furtherance of his drug trafficking by helping him protect or otherwise secure the narcotics that he trafficked, including those contained within the Econoline on February 20, 2023.

16. The Defendant agrees that he personally has read, or had read to him, the Superseding Indictment and original Indictment in Case No. 23-cr-202 (BAH), including the allegations and charges against the Defendant and his co-defendants in the indictments in this case. The Defendant agrees that he does not have information to dispute or disprove those allegations and charges against him or his co-defendants, set forth in the Superseding Indictment in any way.

17. This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties, but it is a minimal statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the Defendant's plea of guilty to the charged crimes.

18. This Statement of the Offense fairly and accurately summarizes and describes some of the Defendant's actions and involvement in the offenses to which he is pleading guilty.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Matthew W. Kinskey*
MATTHEW W. KINSKEY
SITARA WITANACHCHI
D.C. Bar No. 1031975 (Kinskey)
D.C. Bar No. 1023007 (Witanachchi)
Assistant United States Attorneys
U.S. Attorney's Office
Violence Reduction & Trafficking Offenses
601 D Street, NW
Washington, D.C. 20530

## DEFENDANT'S ACKNOWLEDGMENT

I have read each of the pages that constitute the Government's proffer of evidence and have discussed it with my attorney, Stephen F. Brennwald, Esq., I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: 8/6/24

Kenneth Ademola Olugbenga
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages that constitute the Government's Proffer of Evidence, reviewed them with my client, Kenneth Ademola Olugbenga, and discussed the provisions of the proffer with him fully. These pages accurately and completely set forth the Government's proof, as I understand it.

Date: 8/6/24

Stephen F. Brennwald, Esq.
Attorney for Defendant
Kenneth Ademola Olugbenga